**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| JOSEPH A. STOLTENBERG, | ) | 8:14CV308 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BARBARA LEWIEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Joseph Stoltenberg's ("Stoltenberg")

Petition for Writ of Habeas Corpus ("petition").  For the reasons that follow, the Court will

dismiss the petition with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

Stoltenberg pled no-contest to two counts of theft by unlawful taking on April 8,

2009, in the District Court of Lancaster County, Nebraska ("state district court").  (Filing No.

1 at ECF 1.)  In exchange for Stoltenberg's plea, the State of Nebraska agreed not to file

a habitual-criminal charge against him. (Filing No. 16-2 at ECF 18.)  The state district court

sentenced Stoltenberg to two consecutive sentences of not less than six nor more than ten

years' imprisonment.  (Filing No. 16-1 at ECF 21–22.)

Stoltenberg appealed to the Nebraska Court of Appeals, arguing only that the

sentence imposed by the state district court was excessive.  (Filing No. 16-1 at ECF

33–46.)  The Nebraska Court of Appeals denied relief on October 20, 2009, and the

Nebraska Supreme Court denied a petition for further review on December 10, 2009.

(Filing No. 7-1 at ECF 2.)  Stoltenberg did not file a postconviction action.

Stoltenberg filed his petition (Filing No. 1) in this Court on October 6, 2014.  He

raised three claims.  In Claim One, he argued his no-contest plea was not knowing and

voluntary.  In Claim Two he argued his lawyer was ineffective because she failed to raise the issue of his competency, advise him about all of his potential defenses, and failed to move to suppress prejudicial evidence.  Finally, in Claim Three, he argued officials with the Nebraska Department of Correctional Services took his good-time credits in violation of the trial court's sentencing order.

Respondent Barbara Lewien ("Respondent") moved for summary judgment on January 23, 2015.  (Filing No. 8.)  She argued Stoltenberg's habeas corpus petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244.  The Court denied the motion without prejudice to reassertion because it did not address Claim Three of the petition.  (Filing No. 15.)

Respondent filed the relevant state court records (Filing No. 16), an Answer (Filing No. 17), and a Brief in support of her Answer (Filing No. 18) on April 21, 2015.  She argued Claims One and Two are time barred and procedurally defaulted, and Claim Three is procedurally defaulted.  Stoltenberg did not respond to Respondent's Answer and Brief. (*See* Docket Sheet.)

## II.  STANDARD OF REVIEW

As set forth in 28 U.S.C. § 2254:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)  (i)  there is an absence of available State corrective process; or

> (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner therefore must present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review

3

of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

### III. DISCUSSION

Respondent argued, in part, that Stoltenberg's claims are procedurally defaulted. Upon careful review of the record, the Court agrees that Stoltenberg's claims are procedurally defaulted. Stoltenberg did not present any of his claims in Nebraska's state courts. That is, he did not raise any of his claims on direct appeal, in a postconviction action, or in any other action initiated in Nebraska's state courts.

In addition, Stoltenberg may not now return to state court in order to exhaust any of these claims because his arguments would be time barred. With respect to Claims One and Two, the statute of limitations period for filing a state postconviction action expired on August 27, 2012. *See State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013) (citing Neb. Rev. Stat. §§ 29-3001 to 29-3004) (where a sentence became final prior to August 27, 2011, a one-year time limit for filing a verified motion for postconviction relief in the state district court runs from August 27, 2011). With respect to Claim Three, he was required by Nebraska statutory law to appeal any final disciplinary decision (i.e., a loss of good time credits) within 30 days. *See* Neb. Rev. Stat. § 84-917.

Stoltenberg did not respond to Respondent's Answer and Brief, much less show cause and prejudice for the default of these claims or show that the Court's failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991) (stating that a claim that has been procedurally

4

defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim). Stoltenberg is not entitled to relief on any of his claims.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Stoltenberg has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in Stoltenberg's petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case. Accordingly,

IT IS ORDERED that:

1.    The Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2.    The Court will enter a separate judgment in accordance with this Memorandum and Order.

5

3.      The Court will not issue a certificate of appealability.

DATED this 28th day of September, 2015.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    Chief United States District Judge

6